No. 3426

Second Circuit

WISDOM v. LATEX IRON & STEEL WORKS, INC.

(March 24, 1930. Opinion and Decree.)

L. Percy Garrot, of Shreveport, attorney for plaintiff, appellee.

W. H. Scheen, of Shreveport, attorney for defendant, appellant.

ODOM, J. The plaintiff was drilling oil wells in the El Dorado field, in the state of Arkansas, prior to the year 1923, and became indebted to the defendant for material and supplies. On November 12, 1926, plaintiff assigned to defendant a claim amounting to $7,500, against the Constantine Oil & Gas Company, with the understanding that such amounts as might be collected on said assignment would be credited to plaintiff's account. Defendant collected from the receivers of the Constantine Oil & Gas Company the sum of $1,760.82. Plaintiff prosecutes this suit to collect said amount, less $762.82, which was admittedly due on the old account, leaving a balance due plaintiff, it is alleged, of $1,000.

Defendant in answer admitted that it had collected $1,760.82 on the assignment, but alleged that there was a balance due plaintiff of only $37.95, which amount was tendered in open court, with costs.

The district judge rendered judgment in plaintiff's favor and against defendant for $669.05.

This controversy involves an accounting between these parties, and, according to our check of the accounts and the testimony, we have reached the conclusion that defendant owes plaintiff the sum of $669.53 or 48 cents more than the judgment gave him.

In reaching this conclusion, we have taken the statement rendered by defendant, showing a balance due it by plaintiff in 1923, of $2,378.45, and have deducted therefrom certain items which the testimony shows plaintiff was not due. These items are as follows:

| | |
|---|---:|
| Koury account | $200.00 |
| Gossitt account | 100.00 |
| Amount alleged to have been paid by defendant under certain garnishment proceedings in the State of Arkansas | 180.00 |
| For invoices since 1923 | 189.53 |
| | $669.53 |

making a total, as shown, of $669.53.

The testimony shows that defendant had no right to charge plaintiff with the Koury account, and, further, that the Gossitt account, amounting to $100, was paid. With reference to the amount which defendant alleges that it paid for plaintiff in certain garnishment proceedings in a

magistrate's court in the state of Arkansas, we do not find any warrant for the payment of this amount. Defendant alleged that, after it collected the amounts stated above on the assignments, and while it had in its hands funds belonging to plaintiff, it was served with garnishment proceedings and ordered by the magistrate to pay to plaintiff's creditors $180. But there is no transcript in the record of the suit in garnishment against plaintiff, and plaintiff specifically denies that he owed the attaching creditors anything at all, and says that he knew nothing about these proceedings; that he was not notified of such proceedings either by the alleged creditors or by defendant. We find in the record what appears to be the original of a judgment rendered in the magistrate's court, in which it is ordered that the garnishee pay the constable all funds held for defendant. No amount is specified, and there is nothing to show that any amount was actually paid to the constable. Defendant has not made such showing as will warrant the court in giving it credit for the amount which it alleges it paid.

With reference to the item of $189.53, charged to plaintiff, it must be said that there is no proof whatsoever that goods and merchandise to this amount were actually sold to plaintiff. While there are two invoices totaling this amount charged on the account which defendant presents, and while it is true that Mr. Cronk stated that the books of the defendant company showed these charges, yet Mr. Cronk was not able to testify of his own knowledge that these items were in fact sold to plaintiff. He was asked the direct question whether he knew that they were, and he said he did not, and plaintiff called in other witnesses. Plaintiff and his secretary both specifically denied that the goods were purchased, and, further, that, at the time they were charged on the account, plaintiff was not in the state of Arkansas and was no longer operating there. Clearly defendant is not entitled to credit for these amounts.

Plaintiff moved in this court to amend the judgment by increasing the amount. We find no warrant for doing so. There is an item of $302 charged by defendant which it paid to a creditor of plaintiff under garnishment proceedings in the state of Arkansas. While counsel for plaintiff contends that this charge should not have been paid, yet we do not find that this item was seriously contested on trial of the case. Plaintiff took the stand as a witness, and did not deny that this amount was due to his Louisiana creditor, nor did he deny that the amount was properly paid.

Counsel for plaintiff contends also that the district judge erred in his computation of the interest due. He contends that defendant should not have charged 6 per cent. interest, and that, if any interest at all was due, it should have been computed at 5 per cent. instead of 6. We think interest was due, and that defendant is entitled to 6 per cent. The account was made in the state of Arkansas, and proof was made that the legal rate of interest in that state is 6 per cent. Plaintiff testified that it was understood that no interest at all should be charged on this account, but, taking the testimony as a whole, our conclusion is that it was understood between the parties that, during the time the supplies were being purchased and while payments were being made on the account, no interest was to be charged. But the account was closed in 1923, and

plaintiff himself does not state that it was understood that no interest should be charged after the closing of the account.

We think the judgment appealed from is correct, and it is accordingly affirmed, with costs in both courts.